UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANYALE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3064 |
| | ) | |
| ROB JEFFERIES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Logan Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff[1] alleges that Defendant Sims made derogatory and racist statements, threatened him, would not leave while he got dressed, and conducted a shakedown of his cell. Plaintiff

---

[1] Plaintiff is incarcerated at Logan Correctional Center, which houses female inmates. Plaintiff states in a motion that he is a "transgender male (female to male)." (Doc. 4 at 3). Based on Plaintiff's statements, the Court will refer to Plaintiff with the pronouns he/him.

alleges that Defendant Sims "destroyed" his cell, broke several of his belongings, and confiscated laundry detergent that prison officials had authorized. Plaintiff alleges that Defendant York ignored his requests to call a supervisor and to file a complaint. He alleges that Defendants Bailey, Beck, and Dawson arrived later and stayed with him in the dayroom during the search and advised him just to let Defendant Sims search the cell and file a grievance afterwards.

Plaintiff alleges that, after the shakedown, Defendant Sims grabbed his dreadlocks, slammed him on a desk, choked him, and threw him against a wall when he attempted to walk away and continued after he had raised her hands in the air to show no resistance. Plaintiff alleges that Defendant Sims stopped when Defendant Beck came back to the unit.

Plaintiff alleges that Defendants Case and Russell did not speak with him or investigate his grievances or Prison Rape Elimination Act (PREA) complaints. Plaintiff alleges ongoing medical issues arising from these incidents.

Plaintiff states Eighth Amendment claims against Defendant Sims for excessive force and for conducting a shakedown in a manner allegedly designed to harass or humiliate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (conduct motivated by a desire to harass or humiliate may violate the Eighth Amendment). Plaintiff does not state a claim against Defendant Sims for the alleged destruction and confiscation of his property—his remedy for that conduct lies in the Illinois Court of Claims. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993).

Plaintiff's allegations do not permit a plausible inference that Defendants York, Bailey, Beck, and Dawson had an opportunity to stop Defendant Sims from the actions that allegedly violated Plaintiff's constitutional rights. *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018) (failure-to-intervene claims require a showing that the officer had a reasonable opportunity to

intervene). Plaintiff alleges that these defendants did not arrive until after Defendant Sims had forced him to get dressed, that Defendant York had left before the attack, and that Defendant Beck was not in the unit when it began. His complaint remains silent regarding the whereabouts of Defendants Bailey and Dawson during the excessive force incident.

Plaintiff cannot sue high-ranking prison officials just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He must allege how each official personally participated in the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff has no constitutional right to have officials investigate his complaints, nor does he have a constitutional right to receive a response. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015); *Rowe v. Davis*, 373 F. Supp. 2d 822, 826 (N.D. Ind. 2005). Plaintiff does not make any specific allegations against Defendants Jefferies, Dillard, and Love. The Court finds that Plaintiff does not state a constitutional claim against Defendants Bailey, Beck, Dawson, York, Jefferies, Case, Dillard, and Love.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Eighth Amendment claims against Defendant Sims for excessive force and for conducting a shakedown in a manner allegedly designed to harass or humiliate. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of**

service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Bailey, Beck, Dawson, York, Jefferies, Case, Dillard, and Love as defendants.

12. The clerk is directed to attempt service on Nathan Sims pursuant to the standard procedures.

13. Plaintiff's motion for counsel [4] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff's unsubstantiated statements that he contacted lawyers is not sufficient. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 17th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE